RODGERS, Justice.
This is a damage suit for personal injuries received by appellant in a motor vehicle accident, which occurred around 1:15 A.M. on February 2, 1964, at the intersection of 14th Street and 16th Avenue in the City of Meridian, Mississippi. One of the appellees, Razzie Finley, was the driver of a large van-type tractor and trailer unit belonging to R. B. Meek. The tractor and trailer were forty feet in length. It was traveling in a northerly direction at the time of the accident. Appellant, Mrs. Sandra Jean Gunn, was a passenger in a Studebaker Lark station wagon, traveling in a westerly direction, on 14th Street. These two vehicles collided near the center of the intersection. The tractor and a trailer belonged to R. B. Meek but was under a lease contract for interstate hauls with Allied Van Lines, Inc. In fact, the driver had just returned from an interstate trip to Mobile, Alabama, for Allied. It was charged that there were other interested parties, but this claim was nonsuited. Appellant alleged that the driver of the truck contributed to' the cause of the accident in which she was hurt by various acts of negligence, including excessive speed and a failure to obey the traffic signal at the street intersection. Appellant charged that Razzie Finley, while acting as agent of the defendant, negligently violated certain ordinances of the City of Meridian, which resulted in the hurt and injury of the plaintiff.
The defendants, Mississippi Freight Lines, Inc., Allied Van Lines, Inc., and R. B. Meek, filed answers denying that Razzie Finley was acting as an agent for either of them at the time of the accident. Razzie Finley also denied that he was agent of either of the other defendants, and also denied that he was negligent, as alleged,] *422 or caused the accident in which plaintiff was injured.
All of the defendants pleaded a release given by plaintiff, Sandra Jean Gunn, to the Administrator of the Estate of Roger Wayne Gill, (driver of the Studebaker Lark station wagon, in which the plaintiff was a passenger), as a release in full of the injuries suffered by her.
Appellant entered a voluntary nonsuit as to the Mississippi Freight Lines, Inc. during the trial. At the conclusion of all of the testimony, the court sustained a motion to release all defendants, except Razzie Fin-Icy. The jury returned a verdict in favor of defendant, Razzie Finley. After the judgment had been entered, the trial judge overruled a motion for a new trial, and appellant has appealed to this Court
The question as to whether or not defendant, Razzie Finley, was negligent, and whether his negligence caused the accident in which appellant, Sandra Jean Gunn, was injured was a question for the jury, and the jury returned a verdict in favor of Razzie Finley.
After the appeal was perfected to this Court from the judgment of the trial court, appellant dismissed her appeal against Razzie Finley and R. B. Meek, individually, and R. B. Meek doing business as R. B. Meek Moving and Truck Line. Thus, it is seen, we are first confronted with the issue as to whether or not Razzie Finley was acting in the capacity as agent in the furtherance of the business of Allied Van Lines, Inc. The record shows that Allied Van Lines, Inc. is not licensed to do intrastate hauling within Mississippi, and there is no evidence in the record to show that Razzie Finley was engaged in any activity on behalf of Allied, either as an agent or in furtherance of its business at the time of the alleged accident.
Razzie Finley had finished his work as agent for Allied when he returned to the ■warehouse of R. B. Meek. He unloaded the cartons used in the interstate transportation of household goods to Mobile. It is contended, however, that Razzie Finley started on a mission to Louisville, Mississippi, upon the order of R. B. Meek to bring another employee, Vernell Richardson, with him and meet him there. The testimony shows that Razzie Finley reloaded his truck with cartons to be used in Louisville and drove around in the City of Meridian to get food, take certain people home, and visit his “girl friend.” At the time of the accident, he was on his way home to sleep, before going to Louisville the following morning.
The record shows that Allied had previously made a trip from Crystal Lake, Illinois, to Louisville, Mississippi, to deliver household goods belonging to an employee of Spartus Corporation. When these household furnishings reached Louisville, it was discovered that the house where the furniture was to be uncrated had not been finished. The household goods were unloaded in another new house nearby, and the Spartus Company signed the receipt for the goods. The Spartus Company later employed R. B. Meek to move the furniture from the place where the interstate hauler, Allied Van Lines, had delivered the furniture and had terminated its interstate freight movement.
It is contended that the testimony of the witness Gorrell shows that the movement of the furniture from the place where it'was unloaded to the new home of Gorrell was a continuation of the interstate movement of the furniture belonging to him, which had begun in Crystal Lake, Illinois. It was shown that the Spartus Company made a claim for a lost article through R. B. Meek to Allied Van Lines, Inc., and that Allied paid R. B. Meek for the movement of the furniture from the place where it was deposited by Allied to the new home of Mr. Gorrell. We are of the opinion that these two circumstances were satisfactorily explained by the appellee in showing that R. B. Meek simply forwarded the claim for the claimant in the first instance, and that the *423 second circumstance was a bookkeeping error.
After a careful study of the record in this case, we are convinced that there is no direct or circumstantial evidence shown by the testimony from which a jury could base a verdict against Allied Van Lines, Inc. upon the theory that Razzie Finley or R. B. Meek was acting as its agent at the time of the accident or that either of them was acting in furtherance of the business of Allied Van Lines, Inc.
The trial court acted properly in directing a verdict in favor of Allied Van Lines, Inc., and for that reason the judgment of the trial court is affirmed.
Affirmed.
ETHRIDGE, C. J., and JONES, BRADY and SMITH, JJ., concur.